PER CURIAM.
The narrow question before us in this case is whether the trial court erred by directing the mother (1) to tell her child his father’s name, and (2) to file with the court a statement as to “how the disclosure has been done and a psychological evaluation report of how this disclosure has generally affected [the child].”[1] The order was entered pursuant to the father’s motion for visitation with the parties’ seven-year-old child. The father is currently in prison serving a life sentence.
Initially, we were concerned that the ordered disclosure might be psychologically harmful to the child and that the trial court lacked authority to enter such an order without first determining the father’s entitlement to visitation. However, after this appeal was perfected, the mother advised this court that she had already informed the child of his father’s identity and generally described the psychological impact the disclosure had on the child, stating that she does not know whether the child now remembers the disclosure. As a result of the mother’s voluntary disclosure, this appeal of the trial court’s order must be dismissed as moot.
In closing, we note that the trial court has not determined that the father is entitled to contact or visitation with the child. Thus, that issue is not before us.
APPEAL DISMISSED.
GOSHORN, THOMPSON and ANTOON, JJ., concur.

. We have jurisdiction pursuant to rule 9.130(a)(3)(B), Florida Rules of Appellate Procedure.